**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLARA SAMAWI,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **ENHANCED RECOVERY** | ) **COLLECTION PRACTICES ACT** |
| **COMPANY, LLC,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.    Plaintiff, Clara Samawi ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.    At all relevant times herein, Defendant, Enhanced Recovery Company, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      Defendant is collecting on an alleged debt owed to the original creditor T-Mobile.

7.      Plaintiff had three cellular phone accounts with T-Mobile.

8.      One of Plaintiff's cellular phones was stolen and fraudulent international phone calls were made on the stolen line.

9.      T-Mobile cancelled all three cellular phone lines and charged the Plaintiff an early termination fee on each line.

10.      T-Mobile never reversed the charges on the fraudulent international phone calls, claiming that Plaintiff did not report the stolen phone immediately, despite Plaintiff contacting T-Mobile as soon as she had noticed the fraudulent charges on her bill, which was when she was informed that the phone was stolen.

11.      T-Mobile assigned the alleged debt to Defendant.

12.      Plaintiff sent Defendant a letter on August 16, 2010 requesting validation on the alleged debt.

13.      To date, Defendant has failed to validate the alleged debt owed by Plaintiff.

14.      Defendant claimed that if Plaintiff paid the alleged debt, then Defendant would not report the alleged debt to the credit bureau.

15.     Defendant reported the alleged debt on Plaintiff's credit report, reporting an incorrect amount owed of $1,442.00 when Plaintiff had been previously informed that the amount owed was $1,093.51.

16.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Falsely representing to Plaintiff that services were rendered or that compensation maybe lawfully received by Defendant for collection of Plaintiff's debt (§1692e(2)(B));

c) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

g) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

h) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

    i)   Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

17.    As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

19.     Plaintiff reincorporates by reference all of the preceding paragraphs.

20.     To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct
violated the RFDCPA;

B.     Actual damages;

C.     Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 20th day of December, 2010.

By: /s Todd M. Friedman
    **TODD M. FRIEDMAN (216752)**
    **LAW OFFICES OF TODD M.**
    **FRIEDMAN, P.C.**
    **369 S. Doheny Dr. #415**
    **Beverly Hills, CA 90211**
    **Phone: 877 206-4741**
    **Fax: 866 633-0228**
    **tfriedman@attorneysforconsumers.com**

**Attorney for Plaintiff, Clara Samawi**